UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------------------------------------ x
IVAN ROSARIO,                                                :
                                                             :
                          Petitioner,                        :
                                                             :      MEMORANDUM OF
           -against-                                         :      DECISION
                                                             :
STOVER,                                                      :      24-CV-1223 (VDO)
                                                             :
                          Respondent.                        :
------------------------------------------------------------ x
```

**VERNON D. OLIVER**, United States District Judge:

Petitioner Ivan Rosario is a federally sentenced inmate currently incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). He brings this action *pro se* under 28 U.S.C. § 2241 arguing that correctional staff violated his right of access to the courts by housing him in segregation which obstructed his ability to appeal his conviction and sentence. He seeks immediate release or resentencing. In response to the Court's order to show cause, Respondent argues that Petitioner's arguments are more appropriately asserted in a petition filed under 28 U.S.C. § 2255. For the following reasons, the Court concludes that a section 2241 petition is not the correct vehicle to address Petitioner's claim. Thus, the Court **denies** the section 2241 petition and affords Petitioner the option of construing his petition under section 2255.

**I.    BACKGROUND**

The Second Circuit recounted the background of this case as follows.

> Rosario was charged with various firearms offenses and conspiring to distribute heroin, as well as witness tampering with intent to influence or prevent testimony, in violation of 18 U.S.C. §§ 1512(b)(1), (b)(2)(A), and (j), and causing or inducing any person to destroy evidence, in violation of 18 U.S.C. §§ 1512(b)(2)(B) and (j). At trial, the Government introduced evidence that

> Rosario had coerced his child's mother (who was not his wife, as Rosario was married to another woman) and his own mother to destroy a mobile phone so that it could not be used as evidence against him on the drug conspiracy charge. In response, Rosario testified that he asked his child's mother to destroy the phone because it contained recordings of "intimate moments" between them and he did not want his wife to discover those videos. Rosario denied that he ordered the phone destroyed because it contained incriminating evidence of his participation in the heroin conspiracy. The jury acquitted Rosario of unlawful possession of a firearm and obstruction of justice based on witness tampering; it was unable to reach a verdict as to the narcotics conspiracy count; and it convicted Rosario of obstruction of justice based on the destruction of evidence.
>
> At sentencing, the District Court [for the District of Connecticut] observed that "the Government is proposing that the Court add two additional points for the defendant's untruthfulness, his perjurious testimony, indicating that he requested the phone be destroyed not because it contained incriminating evidence but because he did not want [his wife] to know that he had consorted with [his child's mother]." The District Court later added the following:
>
>> There is no doubt here, not doubt whatsoever, that [Rosario] elicited the aid of his mother, ... and the mother of his child, ... his paramour at the time, to destroy evidence to evade prosecution and conviction for the charge of conspiracy to distribute and the possession with intent to distribute more than a kilo of heroin.
>
> Over Rosario's objection, the District Court then applied the two-level enhancement under § 3C1.1 for committing perjury. Rosario was sentenced principally to a term of 210 months' imprisonment.

*United States v. Rosario*, 988 F.3d 630, 631-32 (2d Cir. 2021) (internal citations omitted).

Petitioner appealed his conviction on several grounds including the sufficiency of the evidence underlying his obstruction charge, the way the district judge addressed an issue of potential juror misconduct, and the reasonableness of his sentence including the sufficiency of the court's factual findings to support the sentence enhancement based on his perjury at trial. The Second Circuit addressed these issues in two rulings.

By summary order, the Second Circuit rejected Petitioner's arguments regarding the sufficiency of the evidence, juror misconduct, and the reasonableness of his sentence. *United*

*States v. Rosario*, 842 F. App'x 694 (2d Cir. 2021). The Second Circuit also rejected other arguments asserted by Petitioner as lacking merit and, in a footnote, the Second Circuit also rejected as without merit, Petitioner's argument that he was denied his right to counsel at the sentencing hearing, an argument Petitioner presented in a supplemental letter. *Id.* at 697 & n.2.

In a separate published opinion, the Second Circuit considered Petitioner's argument regarding the two-level sentence enhancement of obstruction of justice. The court found that the District Court did not make the required findings to support the enhancement and remanded the case, in part, to enable the District Court "to make any further findings in support of its enhancement under § 3C1.1," or, if the court concluded that the facts failed to justify the enhancement, to resentence Petitioner. *Rosario*, 988 F.3d at 634. On remand, the District Court concluded that the enhancement was warranted and declined to resentence Petitioner.

Petitioner appealed the decision declining resentencing on two grounds. First, he argued that "the district court clearly erred in applying the obstruction enhancement because there was no evidence that he falsely testified at trial or that his testimony, even if false, was material." Second, he claimed that "the district court violated [his] constitutional right to counsel and due process when it made factual findings for the sentencing enhancement without soliciting additional briefing or argument." *United States v. Rosario*, No. 21-680, 2024 WL 2151116, at *1 (2d Cir. May 14, 2024). The Second Circuit rejected both arguments. First, the court determined that Petitioner's testimony was critical to the determination whether he had the requisite intent to be convicted of obstruction of justice, noting that, if the jury had believed him, he could not have been convicted of the charge. *Id.* at *2. The Second Circuit also concluded that Petitioner was not deprived of his right to counsel or his due process right to be heard

3

because he was afforded stand-by counsel at sentencing and had the opportunity to rebut the Government's arguments at the sentencing hearing. *Id*.

The Second Circuit issued its mandate on July 8, 2024 and Petitioner filed this action on July 22, 2024.

## II. LEGAL STANDARD

Federal courts are empowered to grant relief to inmates serving a federal prison sentence through two relevant sources—28 U.S.C. § 2241 and 28 U.S.C. § 2255. Through section 2241, courts are authorized to review writs of habeas corpus challenging the "execution of [a federal prisoner's] sentence." *Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir. 2002) (citation omitted). A petition filed pursuant to section 2241 may be used to challenge conditions of confinement, decisions to grant or deny parole, or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006).

Section 2255 permits review of a different type of claim—a collateral challenge to the legality of a conviction or sentence imposed by a federal court. *Roccisano*, 293 F.3d at 57. This is the sort of claim through which a prisoner would seek a reversed criminal conviction or a vacated sentence. *Id*.

## III. DISCUSSION

Petitioner asserts one ground for relief in his petition. He contends that his right to due process was violated when Bureau of Prisons ("BOP") staff prevented him from challenging his conviction and sentence on direct appeal by housing him in segregation. Petitioner is adamant that he is not challenging the validity of his conviction. *See* Pet'r's Reply, Doc. No. 11 at 7 ("Rosario is not challenging the validity of his sentence, he is challenging the CONDUCT THAT DEPRIVED HIM OF HIS OPPORTUNITY to challenge the validity of his sentence.").

4

Petitioner further contends that, because he is seeking release, he must pursue his claims through a habeas corpus petition, and not a section 2255 motion. *See id.* This argument suggests that Petitioner does not believe that he may obtain habeas corpus relief through a section 2255 motion. He is mistaken.

When a prisoner seeks habeas corpus relief under section 2241, a "core habeas petition[] challenging present physical confinement, jurisdiction lies only in one district: the district of [his] confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). This rule proved unworkable for federal prisoners. "Experience has shown that processing federal prisoners' collateral attacks on their sentences through habeas proceedings—and, therefore, through the judicial districts in which they were confined—resulted in 'serious administrative problems.'" *Jones v. Hendrix*, 599 U.S. 465, 473-74 (2023) (quoting *United States v. Hayman*, 342 U.S. 205, 212 (1952)). For example, a federal prisoner could be confined in a district far removed from the records and evidence that could be found in the sentencing court, and, because federal prisons are not located in all judicial districts, select judicial districts would be required to process "an inordinate number" of petitions. *Id.* at 474.

To address these issues, Congress, in 1948, recodified and reorganized Title 28 of the Judiciary Code, and created section 2255 "as a separate remedial vehicle specifically designed for federal prisoners' collateral attacks in their sentences." *Id*. at 473. When a prisoner moves for relief under section 2255, jurisdiction lies in the district of "the convicting court." *Adams v. United States*, 372 F.3d. 132, 135 (2d Cir. 2004). Further, section 2255(e) bars a federal prisoner from proceeding under section 2241 "unless ... the [section 2255] remedy by motion is inadequate or ineffective to test the legality of his detention." *Jones*, 599 U.S. at 469.

5

To justify his position that he must proceed under section 2241, Petitioner relies on *Smith v. O'Grady*, 312 U.S. 329 (1941), to argue that the denial of due process invalidates his conviction and sentence. The petitioner in *Smith*, however, was convicted of a state crime and had filed his petition in state court. *Id.* at 330. If he had filed it in federal court, his petition would have been considered under 28 U.S.C. § 2254 which permits challenges to the validity of state convictions and sentences. Petitioner, however, is a federal prisoner. Thus, *Smith* provides no authority for his filing his claim under section 2241, rather than 28 U.S.C. § 2255. Similarly, all the other cases Petitioner cites to support his petition involve state prisoners filing section 2254 petitions or a state prisoner filing a civil rights action.[1]

Petitioner contends that correctional staff at other correctional facilities deprived him of his legal materials and legal mail thereby preventing him from pursuing his direct appeal through a brief in support of his motion for rehearing en banc and petition for certiorari. He argues, therefore, that his sentence is unconstitutional as it was affirmed in the absence of due process. This is an argument challenging the validity of his conviction, not the actions of correctional staff. Further, for relief, Petitioner seeks only immediate release or resentencing, relief addressing the validity of his sentence. Petitioner even acknowledges that he has "a substantive interest in challenging his sentence." Doc. No. 11 at 9.

Petitioner identifies no obstacle to seeking relief under section 2255 other than the mistaken notion that he must seek this relief through a habeas corpus petition instead of a section

---

[1] Petitioner cites *Turner v. Bagley*, 401 F.3d 718 (6th Cir, 2005) (state prisoner filing section 2254 petition); *Cody v. Henderson*, 936 F.2d 715 (2d Cir. 1991) (state prisoner filing section 2254 petition); *Hannon v. Manschner*, 981 F.2d 1142 (10th Cit. 1992) (state prisoner filing section 2254 petition); and *Hebbe v. Pliler*, 611 F.3d 1202 (9th Cir. 2010) (overturning grant of motion to dismiss on section 1983 claim for denial of access to courts by state inmate).

2255 motion. A review of the docket entries in Petitioner's two relevant criminal cases shows that he has not yet filed a section 2255 motion. Further, any such motion would still be timely as the Second Circuit mandate was issued on July 8, 2024.[2] Thus, Petitioner must seek relief through a motion under section 2255.

## IV.     CONCLUSION

Relief under section 2241 is DENIED.

Petitioner has two options regarding how to proceed. First, he may consent to have the Court construe this action as filed pursuant to section 2255. If Petitioner **submits a notice** consenting to this construction, the Court will direct Respondent to address the merits of Petitioner's claim. Second, Petitioner may withdraw this action and file a motion in his criminal case under section 2255. In either case, Petitioner is cautioned that he **may file only one** section 2255 motion without obtaining certification from the Court of Appeals. *See* 28 U.S.C. §2255(h).

Petitioner shall file his notice by **January 17, 2025**. If Petitioner fails to file a notice indicating which option he accepts, the Court will assume that Petitioner wants this Court to withdraw the petition and close this case.

**SO ORDERED.**

Hartford, Connecticut
December 18, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

---

[2] Section 2255(f) provides a one-year period of limitations for filing a section 2255 motion commencing, as applicable here, on the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1).